IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON THOMAS YAUCH, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 2:18-1619
)
ANDREW M. SAUL, Commissioner of )
Social Security,[1] )
)
    Defendant. )
)

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 12 and 14]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 13 and 15]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 14] is granted and Plaintiff's Motion [ECF No. 12] is denied

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about May 13, 2015. [ECF No. 8-7 (Ex. 1D)]. In his application, he alleged that he was disabled due

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

to brain deficiency due to childhood tumor, learning disability, and balance issues, and that he had been unable to work since October 1, 2006. [Id.; ECF No. 8-8 (Ex. 3E)]. Administrative Law Judge ("ALJ") Sarah Ehasz held a hearing on September 13, 2017, at which Plaintiff was represented by counsel. [ECF No. 8-3]. Plaintiff and his mother appeared at the hearing, and both testified on Plaintiff's behalf. Id. A vocational expert also was present by telephone at the hearing and testified. Id. at 60-70. In a decision dated February 7, 2018, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 15-31]. On October 4, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 1-6. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 12 and 14]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v.

Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once

the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.**     **Whether the RFC Failed to Include All of Plaintiff's Supported Mental Limitations**

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including history of brain tumor, mild intellectual impairment, cognitive disorder, anxiety disorder, disequilibrium/balance disorder, and mild right extremity paresis.  [ECF No. 8-2, at 17-18].  At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including Listings 11.05, 11.18, 12.02, 12.05, and 12.06. Id. at 18-22.  The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except with the following limitations: the claimant could lift /carry 10 pounds occasionally and 5 pounds frequently; sit for 6 hours, stand for 2 hours, and walk for 2 hours; operate hand controls frequently with the right hand; frequently handle, finger, and feel with the right hand; occasionally balance, stoop, and climb ramps and stairs, but never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; never work at unprotected heights or with moving mechanical parts; never operate a motor vehicle; never work in extreme heat/cold or have any exposure to vibration; and occasionally work in weather, humidity/wetness, and occasionally in dust, odors, fumes, and pulmonary irritants.  In addition, Plaintiff was limited to simple, routine, and repetitive tasks, but not at a production rate pace; and to simple work-related decisions.  He

also could occasionally interact with supervisors and co-workers, but could not interact with the public.  Id. at 22-29.

Plaintiff argues that the ALJ's RFC finding is deficient because it fails to account for all of his mental limitations, namely, his alleged need for special supervision and his alleged memory limitations and need for reminders.  He also contends that the RFC's limitation to "simple, routine, and repetitive tasks, but not at a production rate pace" inadequately accounts for his limitations in processing speed/pace.  [ECF No. 13, at 2-17].  After careful review, I disagree.

RFC refers to the most a claimant can still do despite his limitations.  20 C.F.R. § 416.945(a).  The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations.  Id.  Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ.  20 C.F.R. §§ 416.927(d); 416.946; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).  In crafting the RFC, the ALJ must include only the claimant's "credibly established limitations," not all the limitations alleged by the claimant.  See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).

Here, the ALJ supported her RFC determination and related findings with substantial evidence.  [ECF No. 8-2 at 22-29].  The ALJ acknowledged Plaintiff's complaints, including his testimony that he needs reminders from his mother about what to do at his job and his mother's testimony that Plaintiff forgets tasks at work, does not have friends, and would have trouble maintaining concentration on a regular basis for a full-time job.  Id.  Although the ALJ credited some of Plaintiff's allegations, she cited substantial record evidence supporting her finding that Plaintiff's complaints were not entirely consistent with the record and that he retained the residual functional capacity outlined above.  The evidence the ALJ cited includes: the undisputed fact that

Plaintiff did not seek or require any mental health treatment of any kind as an adult; the lack of treatment for Plaintiff's intellectual disorder with cognitive function; assessments by consultative examining psychologists that Plaintiff's intellectual disorder resulted in no more than moderate limitations involving the performance of simple, unskilled work; the mental assessment of the state agency psychologist who determined that Plaintiff was capable of performing simple, routine, and competitive work; Plaintiff's ability to engage in part-time work on an extended basis; and Plaintiff's activities of daily living. Id. (citing Exs. 1A, 1E, 4E, 2F, 3F, 4F, 5F, 11F, and Testimony). To the extent the record contains conflicting medical opinions or other conflicting evidence, the ALJ adequately addressed that evidence and explained her decision to assign it lesser weight. See id.; see also 20 C.F.R. § 416.927. Again, the ALJ did not discount Plaintiff's complaints in their entirety. Rather, she incorporated numerous restrictions related to Plaintiff's mental health impairments into her RFC finding. See id. at 22.

As for Plaintiff's specific argument that the RFC fails to incorporate Plaintiff's memory and pace limitations and/or his need for supervision, such contention is without merit. As an initial matter, much of Plaintiff's brief highlights evidence he contends supports his alleged limitations. The question, however, is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. Rather, the issue before me is whether substantial evidence supports the ALJ's findings. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's arguments to this extent are misplaced.

Moreover, as set forth above, the ALJ only is required to include a claimant's credibly established limitations, not all alleged limitations, in the RFC. Here, the ALJ acknowledged Plaintiff's complaints in this regard and adequately explained why her RFC finding did not require greater limitations. For example, with respect to Plaintiff's alleged memory limitations, the ALJ

6

noted that, while the mental status examinations and observations during intellectual testing as an adult revealed some impaired memory functioning, Plaintiff was still able to recall three of three items after short delay and was able to recall and understand directions. [ECF No. 8-2, at 24-26 (citing Exs. 2F, 5F)]. The ALJ also gave great weight to the stage agency reviewing psychologist who opined that Plaintiff could understand, retain, and follow simple instructions. Id. at 27 (citing Ex. 1A). To the extent a different consultative examiner, Dr. Rabinovich, commented that Plaintiff had a significant memory impairment, the ALJ noted that Dr. Rabinovich was not a mental health professional and instead was tasked with evaluating Plaintiff's physical impairments. Id. at 26 (citing Ex. 4F). The ALJ cited similar evidence with respect to Plaintiff's ability to maintain concentration, persistence and pace, and further explained that Plaintiff's ability to hold down a part-time job since 2013 as well as his daily activities[2] showed a greater ability to engage in and sustain activities than alleged at the hearing, including the ability to maintain concentration and attention at the levels encompassed by the RFC. See id. at 22-29 (citing Exs. 4E, 1A, 2F, 4F, 5F, and Testimony).

Additionally, the ALJ fully considered Plaintiff and his mother's contention that he needed his mother's assistance and supervision to perform his part-time cleaning job, and concluded that the testimony in this regard was less than fully credible. See id. at 24. Among other things, the allegations were inconsistent with the evidence as a whole, and there was no evidence from the

---

[2] I note Plaintiff's argument that the ALJ erred in considering Plaintiff's daily activities because they are not equivalent to performing a full day of work. [ECF No. 14, at 16]. This argument is misplaced. The ALJ here did not equate Plaintiff's daily activities to the performance of full-time work; rather, she cited them as evidence demonstrating inconsistencies between Plaintiff's subjective complaints and the record evidence as a whole. See Turby v. Barnhart, 54 F. App'x 118, 121 n.1 (3d Cir. 2002) ("Although certainly '[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity,' it is nonetheless appropriate for the ALJ to consider 'the number and type of activities' in which the claimant engages." (citation omitted)). The ALJ properly considered the entire record and cited numerous factors in support of her decision that Plaintiff was not disabled.

employer, Plaintiff's PCP, or any of the examining or reviewing physicians suggesting that Plaintiff needed special assistance or supervision on the job. See id. at 22-29.[3] The ALJ also gave great weight to the state agency reviewing physician who expressly opined, inter alia, that Plaintiff would not require special supervision in order to sustain an ordinary work routine when performing simple and repetitive tasks. See id. at 22-29, and ECF No. 8-4 (Ex. 1A/11).

Finally, the vocational expert testimony accepted by the ALJ accurately reflects Plaintiff's limitations as set forth in the RFC and supported by the substantial record evidence cited above. See ECF No. 8-2, at 29-30, 60-70; see also Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d at 218 (noting that the ALJ only needs to include limitations supported by the record in his hypothetical question to the VE). Although the VE testified that an individual would not be able to perform any work if he needed a job coach or was off task twenty percent of the day and absent two days per month, ECF No. 8-2 at 60-70, substantial evidence supports the ALJ's finding that Plaintiff's impairments would not, in fact, limit him to this degree. Accordingly, I likewise do not find any error in this regard.

Because the ALJ properly analyzed Plaintiff's claim, and her findings are supported by substantial evidence, the decision below is affirmed. 42 U.S.C. § 405(g) (sentence four).

## III.   CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[3] To the extent Plaintiff argues that it was improper for the ALJ to consider the lack of supporting evidence, such argument is without merit. The ALJ may rely not only on what the record says, but also on what it does not say. See Lane v. Comm'r of Soc. Sec., 100 F. App'x 90, 95 (3d Cir. 2004). Further, the ALJ had sufficient evidence before her to make a disability determination and was not required to seek additional evidence before making a determination in Plaintiff's case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON THOMAS YAUCH,  )
 )
    Plaintiff,  )
 )
vs.  ) Civil Action No. 2:18-1619
 )
ANDREW M. SAUL, Commissioner of  )
Social Security,[1]  )
 )
    Defendant.  )
 )

AMBROSE, Senior District Judge

# ORDER OF COURT

AND NOW, this 10th day of March, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 14] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 12] is DENIED. The decision of the Commissioner is hereby affirmed.

                                                            BY THE COURT:

                                                            /s/ Donetta W. Ambrose
                                                            Donetta W. Ambrose
                                                            U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).